UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00279-01 |
| | CIVIL ACTION NO. 12-2137 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CORNELIO CESAR OLIVO | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 501) filed by Petitioner Cornelio Cesar Olivo ("Olivo"). Olivo alleges that he received ineffective assistance of counsel and, therefore, seeks a reduction of his sentence to 60 months with full credit for time served. See id. The Government answered Olivo's Section 2255 motion on October 9, 2012. See Record Document 525.

Olivo later filed a "Motion of Special DeMurrer," arguing that the United States lacked sufficient grounds to proceed in blocking his original Section 2255 motion. Record Document 569 at 9. "In the interest of settling matters once, finally and for all, [Olivo's] relief sought [was] adjusted to a reduction to 72 months." Id. at 10. On June 28, 2013, Olivo filed "Movants Rejoiner to Lack of Replication." Record Document 584. The relief sought in this motion is unclear; however, it appears that Olivo was simply "integrat[ing] all of his comments and pending pleadings to date into this overall pending proceeding." Id. at 1.

For the reasons set forth below, all of Olivo's pending motions (Record Documents 501, 569, and 584) are **DENIED**.

## BACKGROUND

On October 28, 2009, Olivo and twelve other co-defendants were charged with drug offenses in a nine count indictment. See Record Document 1. Specifically, Olivo was charged with conspiracy to possess with the intent to distribute 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine. See id. Ricardo Rodriguez enrolled as retained counsel at Olivo's initial appearance and arraignment on January 22, 2010. See Record Documents 151 & 159. Kenneth McLean enrolled as local counsel. See id.

On March 8, 2010, Olivo entered a guilty plea to conspiracy to possess with the intent to distribute 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine. See Record Documents 187 & 188. On December 9, 2010, the Government filed a Motion for Sentencing Pursuant to Section 5K1.1 of the Sentencing Guidelines. See Record Document 404. Olivo was facing a mandatory minimum term of imprisonment of 10 years to life, and he had a guideline range of 135 to 168 months. See id. On December 14, 2010, the Court granted the Section 5K1.1 motion and Olivo was sentenced to a term of imprisonment of 120 months. See Record Documents 407, 408 & 524. The Judgment was signed on December 20, 2010 and entered on December 22, 2010. See Record Document 408. No direct appeal was filed.[1] The instant Section 2255 motion was filed by Olivo on August 9, 2012. See Record Document 501.

---

[1] Olivo was advised of his right to appeal at the conclusion of the sentencing hearing. See Record Document 524 at 6.

## LAW AND ANALYSIS

Title 28, United States Code, Section 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "[W]hen a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the [14]-day period for filing a direct appeal." U.S. v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008). In the instant case, Olivo had fourteen days from December 22, 2010 to file his timely notice of appeal. By failing to file a notice of appeal by January 5, 2011, Olivo allowed the direct review process to expire, and his conviction became final on that date.

Olivo had one year from January 5, 2011 to file his Section 2255 motion. Thus, his August 9, 2012 motion is untimely on its face under the first clause of Section 2255(f). Olivo argues that his Section 2255 motion is timely under Section 2255(f)(4), "the date on which the facts supporting the claim or claims presented could have been discovered through the

exercise of due diligence." 28 U.S.C. § 2255(f)(4). "For this provision to apply, a petitioner's diligence must merely be due or reasonable under the circumstances." U.S. v. Jackson, 470 Fed.App'x 324, 327 (5th Cir. 2012), citing Starns v. Andrews, 524 F.3d 612, 619 (5th Cir.2008). In Johnson v. United States, the Supreme Court explained, diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he should act.  See Johnson v. U.S., 544 U.S. 295, 308, 125 S.Ct. 1571, 1580 (2005). "In applying § 2255(f)(4), the important thing is to identify a particular time when diligence is in order."  Jackson, 470 F.App'x at 327, citing Johnson, 544 U.S. at 308, 125 S.Ct. at 1580.

As to timeliness, Olivo "claims aggrieved status" and refers to his sworn affidavit to support the timeliness of his motion. Record Document 501 at 9. In his August 2, 2012 affidavit, Olivo attested:

> Having the time and the interest, I wrote to my attorney . . . some two months ago asking for faithful copies of the contents of my case file.

Id. at 11. Later, in his response to the Government's answer, Olivo stated that he wrote to his attorney on June 7, 2012. See Record Document 543 at 2. Olivo received the Presentence Report from his attorney shortly thereafter. He stated that this was his "first legitimate effort to perform 'due diligence' knowingly." Id. at 3.

While Olivo's Section 2255 raises ineffective assistance of counsel claims relating to his guilty plea[2] and sentencing, the bulk of his contentions relate to his allegation that he never saw his PreSentence Investigation Report. By his own admission, Olivo waited a year and

---

[2] While Olivo referenced ineffective assistance of counsel during the plea, he further stated, "I do not claim appeal on the question of guilt." Record Document 501 at 7.

a half to contact his attorney for the contents of his file. The Court finds that this was not the exercise of due diligence, as required under Section 2255(f)(4). While Section 2255(f) does not require Olivo "to undertake repeated exercises in futility or to exhaust every imaginable option," he is at least required to "make reasonable efforts to discover the facts supporting his claims." Anjulo-Lopez v. U.S., 541 F.3d 814, 818 (8th Cir. 2008) (internal citations and quotations omitted). All of the actions supporting Olivo's claims were either committed during the plea phase or at sentencing – and thus in his presence. Any concerns on the part of Olivo should have been manifested shortly after the sentencing hearing. His failure until June 7, 2012, after the passage of almost a year and a half, to write his attorney and inquire as to the contents of his file simply does not constitute the "due diligence" required by Section 2255(f)(4). Therefore, the Court finds that Olivo did not exercise due diligence. His Section 2255 motion is, therefore, **DENIED** as untimely.

## CONCLUSION

Based on the foregoing, the Court finds that Olivo failed to exercise due diligence as required by Section 2255(f)(4). Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 501) must be **DENIED** as untimely. Likewise, his miscellaneous motions (Record Documents 569 & 584) are **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added).

Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of July, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE